NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TANNEN SOOJIAN,

                    Petitioner-Appellant,

  v.

JOE A. LIZARRAGA, Warden,

                    Respondent-Appellee.

No.    19-15833

D.C. No.
1:16-cv-00254-AWI-SAB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Argued and Submitted July 6, 2021
San Francisco, California

Before:  GRABER and LEE, Circuit Judges, and VRATIL,** District Judge.

    Petitioner Tannen Soojian appeals the district court's denial of his federal

habeas petition under 28 U.S.C. § 2254.  Petitioner argues that, by admitting

evidence of his statements to police, the state trial court violated his Fifth

Amendment rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).  On this issue,

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The Honorable Kathryn H. Vratil, United States District Judge for the
District of Kansas, sitting by designation.

the state court of appeals found that the state trial court did not err when it admitted evidence of Petitioner's statements to police. On federal habeas review, the district court denied the petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review *de novo* a district court's denial of a habeas petition. *Henry v. Ryan*, 720 F.3d 1073, 1078 (9th Cir. 2013). Under the Antiterrorism and Effective Death Penalty Act of 1996, we may grant relief only when a state court determination was (1) "contrary to or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d). Review of a state court's decision is "highly deferential," *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks omitted), and a federal court may not grant relief where "fairminded jurists could disagree" about the correctness of the state court determination, *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citation omitted).

We assume, without deciding, that admitting evidence of Petitioner's statements to police was constitutional error. Nonetheless, any error was harmless. At trial, the prosecutor did not rely extensively on Petitioner's statements, and other evidence of Petitioner's guilt was very strong. Petitioner argues that the jury's decision was close and that admission of his statements could have substantially

2

affected the verdict. Specifically, Petitioner emphasizes that jury deliberations lasted 17 hours over the course of four days. The reason for the length of deliberations is speculative, however, and is at least as plausibly attributable to deliberations on counts on which the jury did <u>not</u> convict Petitioner. In the circumstances, the length of deliberations, standing alone, does not inform the harmless error analysis.

The state court of appeals did not analyze whether the admission of Petitioner's statements to police was harmless error, so Petitioner is entitled to habeas relief "only if the federal court has 'grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict.'" *Davis v. Ayala*, 576 U.S. 257, 268 (2015) (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995) (internal quotation marks omitted)). This standard requires more than a "reasonable possibility" that the error was harmful. *Id.* (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). Petitioner's statements to police played a relatively small role in the prosecutor's closing statements. On this record, especially given the other evidence of Petitioner's guilt, Petitioner has not demonstrated that evidentiary errors at trial had a substantial and injurious effect or influence on the jury's verdict.

**AFFIRMED.**